UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DANIEL HRYNCZYN, | ) | CASE NO. 4:07 CV 3833 |
| | ) | |
| Plaintiff, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OF OPINION |
| BETTY MITCHELL, *et al.*, | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

On December 17, 2007, *pro se* plaintiff Daniel Hrynczyn filed this action under 42 U.S.C. § 1983 against Trumbull Correctional Institution ("TCI") Warden Betty Mitchell, Corrections Officer Lard, Corrections Officer Shea, Corrections Officer Overstreet, Corrections Officer Burke, Corrections Officer Cemmento, Captain Montenero, and Lieutenant Remisnyder. In the complaint, plaintiff indicates that he is refiling an action which was dismissed, without prejudice, in 2000. He contends that he wants "federal civil rights violations filed against them all." As to monetary damages, he states that "$100,000,000.00 should cover it." (Compl. at 5.)

## Background

Mr. Hrynczyn alleges that on July 16, 1997, he was assaulted in the segregation unit of TCI by Officers Lard, Shea, Overstreet, Burke, and Cemmento. He indicates that the assault resulted in a broken and displaced scapula. He contends that the actions of the officers were videotaped and witnessed by Captain Montenero and Lieutenant Remisnyder. He further contends that Warden Mitchell concealed the incident to protect her staff.

Mr. Hrynczyn reveals that this is the second § 1983 action he filed in this court pertaining to this incident. He originally filed Case No. 4:98 CV 1502 (Aldrich, J.) on June 30, 1998, against the same defendants listed in this action. After nearly two years of litigation, summary judgment was granted to the defendants and the case was dismissed without prejudice on October 5, 2000. In her Memorandum of Opinion and Order, United States District Judge Ann Aldrich advised Mr. Hrynczyn that:

> \*   \*   \*
> Plaintiff may re-file the action after exhausting his administrative remedies on all his claims. The Court reminds plaintiff that the statute of limitations will expire shortly, but, it will be tolled during the time he is pursuing his administrative remedies. If he wishes to re-file this action, he should begin pursuing his administrative remedies immediately. Once the appeals are exhausted, he must still file a new action before the statute of limitations period expires. Plaintiff may appeal this order, but should consider whether his interests would be better served by exhausting administrative remedies than by appealing.

Mr. Hrynczyn did file an appeal of that decision to the United States Sixth Circuit Court of Appeals on October 19, 2000. The Sixth Circuit affirmed the District Court's decision on August 13, 2001.

Six years later, on August 29, 2007, Mr. Hrynczyn filed a Motion for Reconsideration in Case No. 4:98 CV 1502. He noted that the Supreme Court had recently issued its opinion in *Jones v. Bock*, ___ U.S. ___, 127 S. Ct. 910 (2007), upholding the exhaustion requirement of 42 U.S.C. § 1997e, but clarifying that inmates are not required to specifically plead exhaustion of administrative remedies in the body of their complaints. Rather, the Supreme Court characterized failure to exhaust administrative remedies under PLRA as an affirmative defense. *Id.* at 921. Mr. Hrynczyn stated that he was now a federal prisoner incarcerated in a facility with a poor law library, and urged the court to determine a way in which he could "reopen [his] suit without having to file a new one." (Mot. at 2.) He

2

acknowledged that if he were forced to file a new action, he would have difficulty circumventing the now expired statute of limitations period. Moreover, he claimed that at the time he filed the action in 1998 he had exhausted all but his First Amendment claim pertaining to the confiscation of his newspapers and magazines. He indicates that he did not follow through with that grievance process for that claim because he did not feel that he needed to do so. Judge Aldrich denied his Motion for Reconsideration on September 4, 2007. Mr. Hrynczyn filed the within action three months later on December 17, 2007.

## Analysis

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to § 1915(e).

Mr. Hrynczyn's claims are indeed time barred. Ohio's two year statute of limitations for bodily injury applies to § 1983 claims. *LRL Properties v. Portage Metro Housing Authority*, 55 F.3d 1097 (6th Cir. 1995). The incidents in question took place in July 1997. The statute of limitations period is tolled during the period of time a prisoner is

---

[1] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking § 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

exhausting his or her administrative remedies, *Waters v. Evans*, No. 03-6576, 2004 WL 1763226 (6th Cir. Aug. 4, 2004); however, Mr. Hrynczyn claimed he exhausted his remedies for all but one claim at the time he filed the original action in 1998. The claim which was not exhausted at that time, was not included in the complaint in this action. Even if the court tolled the statute of limitations during the time the Sixth Circuit was considering his appeal, he would receive no assistance. The Sixth Circuit affirmed the District Court's opinion in 2001. This action, filed six years later, is well beyond the expiration of the applicable statute of limitations period. *See Fraley v. Ohio Gallia County*, No. 97-3564, 1998 WL 789385, at *1 (6th Cir. Oct. 30, 1998) (affirming *sua sponte* dismissal of *pro se* § 1983 action filed after two year statute of limitations for bringing such an action had expired).

## Conclusion

For all the foregoing reasons, this action is dismissed pursuant to 28 U.S.C. § 1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

**IT IS SO ORDERED**.

Dated: March 10, 2008

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

[2] 28 U.S.C. § 1915(a)(3) provides, in pertinent part:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.